838 F.2d 466
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ulysses HAMM, Jr., Plaintiff-Appellant,
v.
UNITED STATES OF AMERICA, Edwin Meese, III, Honorable Judge
Boyle, State of North Carolina, M.D. Robertson, R.E.
Jackson, Ricky Storey, R.W. Davis, M.E. Grimes, J. Douglas
McCullough, Samuel T. Currin, Richard T. Gammon, Defendants-Appellees.
 No. 87-7278.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 28, 1987.
Decided Jan. 27, 1988.
 
 Ulysses Hamm, Jr., appellant pro se.
 William Britt, for appellee Storey.
 Theodore Blackburn Smyth, Patricia Lee Holland, Paterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, for appellee Gammon.
 William Norris Farrell, Jr., Office of the Attorney General of North Carolina, State of North Carolina, M.D. Robertson, R.E. Jackson, and R.W. Davis, James Gordon Carpenter, Assistant U.S. Attorney, for remaining appellees.
 E.D.N.C.
 AFFIRMED.
 Before K.K. HALL and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Ulysses Hamm, Jr., a federal inmate, appeals the judgment of the district court dismissing his civil rights action brought pursuant to 28 U.S.C. Sec. 1331, and 42 U.S.C. Secs. 1981, 1983, 1985, and 2000a. In 1986 Hamm pleaded guilty pursuant to a plea agreement to two counts of a multicount indictment charging a conspiracy to distribute cocaine. Hamm was sentenced to terms of imprisonment totaling eight years.
 
 
 2
 Hamm's complaint filed below under the various civil rights statutes centers around the role of the named defendants incident to his indictment, arrest, and conviction for the federal drug offenses. Hamm makes numerous conclusory allegations, largely unsupported by facts, and seeks damages and declaratory and injunctive relief. The district court dismissed the complaint for failure to state a claim against any of the defendants upon which relief could be granted. Our review of the record and the district court's opinion leads us to conclude that this appeal from the judgment of the district court dismissing the complaint is without merit. Accordingly, we affirm the dismissal on the reasoning of the district court. Hamm v. United States, C/A No. 87-44-CRT (E.D.N.C. June 18, 1987).
 
 
 3
 We note, however, that Hamm makes several allegations regarding the composition of the grand jury that returned his indictment, the validity of the indictment, the jurisdiction of the district court which sentenced him, the effectiveness of his counsel, and the validity of the guilty plea. To the extent that Hamm's complaint, regarding these allegations, seeks a declaration that his criminal conviction for the drug offenses is invalid, such a declaration is tantamount to habeas corpus and would require vacating Hamm's guilty plea. Actions by federal inmates seeking to declare their federal convictions invalid must be brought pursuant to 28 U.S.C. Sec. 2255 in the district court which sentenced them.
 
 
 4
 Although the district court could have construed Hamm's complaint as also presenting a motion for post-conviction relief pursuant to Sec. 2255, we conclude that the court did not abuse its discretion in failing to do so. The complaint was not a model of clarity. It was not clear what the challenges to the conviction were, or if the allegations that were made included all of the claims that Hamm wished to bring. See Rule 9(b), Rules Governing Proceedings in the United States District Courts Under Section 2255. Moreover, motions for post-conviction relief under Sec. 2255 are normally brought on forms provided by the district courts for such actions.
 
 
 5
 Finally we find no error in the denial of Hamm's motion for reconsideration brought under Rule 60(b), Federal Rules of Civil Procedure. Hamm offered no reason under the rule which required the district court to reconsider its order dismissing the complaint.
 
 
 6
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 7
 AFFIRMED.